1920.

To the income reported by the taxpayer of $2,688.76 should be added cash commissions, $172.70, and advances to the Torrey Razor Co., $83.86, from which should be deducted additional depreciation of $82.58, making the corrected net income $2,864.24.

The final determination of the Board on the basis of the foregoing with appropriate adjustments of invested capital from year to year will be settled upon notice as set forth in the decision.

Appeal of BRIGGS HOTEL CO.        Docket No. 1068.

Submitted February 16, 1925; decided February 28, 1925.

*John G. Weisbach, C. P. A.,* for the taxpayer.
*Ward Loveless, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

The taxpayer is an Illinois corporation engaged in the hotel business in Chicago, Ill.

For the ten months' period from January 1, to October 31, 1918, the taxpayer, in computing net income, claims a deduction for depreciation of office furniture and fixtures, which the Commissioner has held to be in excess of the true depreciation. As a result thereof the Commissioner has determined an additional tax in the amount of $1,000.39 for that part of the year 1918.

The taxpayer has produced no evidence in support of the statements relied upon in the appeal, all of which are denied by the Commissioner. Counsel for the taxpayer stated at the hearing that "The only proof I have is the auditor's report which I will ask be allowed to go in as evidence." No original records were offered nor was the auditor who prepared the report called as a witness. On the objection of counsel for the Commissioner the report was held to be inadmissible.

DECISION.

The determination of the Commissioner is approved.

Appeal of JOSEPH EMSHEIMER IN-        Docket No. 1036.
        SURANCE AGENCY.

The taxpayer operates a general insurance agency. A large part of its income for 1919 and 1920 consisted of commissions received by it upon policies written by subagents. Stockholders owning 48 per cent of the shares of capital stock were not regularly engaged in the active conduct of the business. Evidence *held* not to warrant classification as a personal service corporation for 1919 and 1920.

61359°—26——42